UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

――――――――――――――――――――――x
ALAN LUCAS,
                        Plaintiff
      -against-

                                   **COMPLAINT AND JURY DEMAND**

                                   No. 15-CV-4678

THE CITY OF NEW YORK, and POLICE
OFFICER STEPHEN KARABIN
of the NEW YORK CITY POLICE
DEPARTMENT

                     Defendant(s),
――――――――――――――――――――――x

## PRELIMINARY STATEMENT

1. This is an action for monetary damages (compensatory and punitive) against THE CITY OF NEW YORK, and POLICE OFFICER STEPHEN KARABINDOE of the New York City Police Department ("NYPD"), arising out of the false arrest and false imprisonment against ALAN LUCAS.

2. On or about August 12, 2012, POLICE OFFICER STEPHEN KARABIN and other members of the NYPD, acting under the color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, false arrest, false imprisonment and detention, for acts of which plaintiff was innocent. This unconstitutional and unreasonable seizure of the plaintiff and his property was in violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

3. The Plaintiff, ALAN LUCAS, through his attorneys, complaining of the defendants, respectfully alleges:

## JURISDICTION

4. This action is brought under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1983, 1985 and 1988 and the Fourth, Fifth and Fifteenth Amendments to the

Constitution of the United States. Pendant Jurisdiction, pendant party jurisdiction, and supplementary jurisdiction over plaintiff's state law claims is asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New York in that the claims alleged in the complaint occurred within the boundaries of the Eastern District of New York, particularly Kings County.

## PARTIES

7. Plaintiff at all times relevant hereto resided in the City and State of New York, County of New York.

8. That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing under the laws, statutes and charters of the State of New York.

9. The NYPD was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

10. That at all times hereinafter mentioned, and on information and belief, the defendant POLICE OFFICER STEPHEN KARABIN, and other members of the NYPD, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the NYPD.

11. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

12. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendant, THE CITY OF NEW YORK. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and

under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

13. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts under to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

14. On or about August 12, 2012, at approximately 2:55 a.m., plaintiff and a woman named Tiffany Nimmons exited a club known as Café Omar located in the vicinity of Nostrand Avenue and Clarendon Road when they were approached by members of the NYPD, including POLICE OFFICER STEPHEN KARABIN.

15. After approaching plaintiff, the police, without explanation, arrested both the plaintiff and Tiffany Simmons.

16. At the time that they were arrested Tiffany Simmons was holding a handbag which allegedly contained a firearm.

17. At no point prior to his arrest was the plaintiff in possession of the handbag or the firearm which was alleged to be inside of the handbag.

18. At no point prior to his arrest was the plaintiff aware that Tiffany Simmons had a firearm.

19. After plaintiff was handcuffed he was taken to the 67th precinct.

20. From the 67th precinct plaintiff was taken to Kings County Central Booking located at 120 Schermerhorn Street, Brooklyn, NY.

21. After plaintiff was taken to Kings County Central Booking located at 120 Schermerhorn Street he was arraigned in Kings County Criminal Court on a felony complaint that charged him with Criminal Possession of a Weapon in the Second Degree (PL § 265.03) and Criminal Possession of a Weapon in the Fourth Degree (PL § 265.01)

22. Following his arraignment plaintiff was taken to Rikers Island where he remained in custody for approximately three days until he was released on a posted bond.

23. On August 17, 2012, five days after the plaintiff was arrested, a Grand Jury dismissed all of the charges that had been brought against the plaintiff.

24. Plaintiff suffered emotional distress, including nightmares, because of his arrest and detention.

25. Because of defendants' conduct, plaintiff was imprisoned, detained, restrained and against his will and was unlawfully deprived of his liberty and property.

26. The arrest of the plaintiff was committed by the defendants without legal process and without probable cause.

27. The plaintiff remained in custody for approximately three days.

28. Defendants acted maliciously and intentionally.

29. As a direct and proximate result of the acts of defendants, plaintiff suffered injuries including but not limited to, embarrassment, humiliation, emotional distress, loss of liberty and property.

## FIRST CLAIM FOR RELIEF
### (FALSE ARREST AND ILLEGAL IMPRISONMENT)

30. Paragraphs 1 through 29 are herein incorporated by reference.

31. Defendant POLICE OFFICER STEPHEN KARABIN subjected plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

32. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

33. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

4

  A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

  B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

  C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

  D. Granting such other and further relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
(MUNICIPAL LIABILTY)

  34. Paragraphs 1 through 33 are incorporated herein by reference.

  35. Defendant CITY OF NEW YORK is liable for the damages suffered by the plaintiff as a result of the conduct of its employees, agents, and servants.

  36. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

  37. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

  38. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

  Defendant CITY OF NEW YORK has damaged the plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

  39. Defendants subjected plaintiff to false arrest and false imprisonment.

40. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

<u>**THIRD CLAIM FOR RELIEF**</u>
(FOURTH AMENDMENT)

41. Paragraphs 1 through 40 are incorporated herein by reference.

42. Defendant POLICE OFFICER STEPHEN KARABIN arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

43. That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

44. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
(FOURTEENTH AMENDMENT)

45. Paragraphs 1 through 44 are incorporated herein by reference.

46. Defendants POLICE OFFICER STEPHEN KARABIN illegally arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

47. That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

48.    Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.    In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.    Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.    Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: New York, New York
       August 7, 2015

                                    BROMBERG LAW OFFICE, P.C.

                                 By:   Brian L. Bromberg
                                       One of Plaintiff's Attorneys

**Attorneys for Plaintiff**

Brian L. Bromberg
Bromberg Law Office, P.C.
26 Broadway, 21st Floor
New York, New York 10004
Telephone: (212) 248-7906
Fax: (212) 248-7908

Jonathan A. Fink  
Fink & Katz, PLLC  
40 Exchange Place, Suite 2010  
New York, New York 10005  
Telephone: (212) 385-1373  
Fax: (212) 689-1710